## CIRCUIT COURT OF LOUISA COUNTY

Commonwealth of Virginia

v.

Richard Alan Bastow et al.

July 23, 1980

Case Nos. (Misdemeanor-Appeal) 1055-1081

By JUDGE F. W. HARKRADER, JR.

The defendant, Bastow, and the remaining defendants in the above captioned cases have appealed their convictions in the General District Court of Louisa County for trespass at the North Anna Nuclear Power Plant and requested a trial by jury in this court. The defendants further have asked the Court for a ruling in limine on the admission of certain evidence in these trials. Summaries of this evidence have been presented to the Court, by agreement of counsel, to facilitate the pretrial ruling.

The Court has reviewed the summaries of the proposed testimony in the above styled cases. The testimony submitted, relates to the dangers of atomic energy in general, to Virginia Electric and Power Company's North Anna Plant and the plans of the Commonwealth of Virginia and its political subdivisions for dealing with emergencies at that plant in particular. The evidence contained in the proffered summaries relates further to the establishment of the defenses of self-defense, necessity, competing harms, choice of evils, and to preparation for alleged trespass [training in the tactics of non-violence].

Obey the law is the first maxim for any people who wish to remain free. Respect for the law and obedience to the law are the foundations of every civilized society.

In societies where there is no due process, where there is no universal suffrage, where legislatures are not available to interpret the will of the people and translate it into legislation, where there is no free press to influence and inform public opinion, where there is no freedom of speech, where there are no courts available to enforce the law and protect the individual; then it may be argued that acts of civil disobedience are mandated to give a voice to and provide relief for an oppressed society.

On the contrary, in a nation and state, such as ours, where all of these rights and privileges are available in the most fortunate of combinations, providing the freest and most representative society yet achieved by man, the condoning by the Courts of criminal acts no matter how conscientiously motivated or harmlessly executed, is to invite each citizen to be his own legislature and executive, determining which laws he will obey and which he will disobey. Condoning this view of an individual's relation to society invites civil disobedience, followed closely by terrorism, anarchy and, finally, despotism. Civil disobedience no matter how innocuous, is the nose of the camel under the tent of society.

We hold that the defense of competing harms is not available in this state under the circumstances of this case. The defendants have no constitutional, common law or statutory right to have it considered by the jury. This is true also for the other defenses mentioned above. The common law defense of necessity dealt with imminent dangers, personal in direction, from obvious and generally recognized harms. It did not in the past, and it does not now, deal with non-imminent or debatable harms, nor did it deal with activities that could be approached through legislative action or by action through the Courts. To permit the review by the juries of this state of evidence such as that submitted for the Court's ruling would eventually result in allowing the jurors to determine, in individual cases, matters of state and national policy in a very technical field with varying results. For the above reasons, the Court rules that the evidence submitted is inadmissible in support of the suggested defenses in the cases before this Court.

This does not exclude the possibility of the Court considering the testimony as a mitigating factor during the sentencing portion of the trial, should the jury convict.